### BROWN SHOE CO., Inc., v. MONSOUR et al.*

### No. 5166.

Court of Appeal of Louisiana, Second Circuit.

Dec. 13, 1935.

M. T. Monsour, of Shreveport, for appellant.

C. F. Currier, of Shreveport, for appellee.

DREW, Judge.

Plaintiff secured judgment by default against G. J. Monsour in the sum of $200, with 5 per cent. per annum interest thereof from February 1, 1932, until paid. After the judgment had become final and executory, it had a fi. fa. issued and placed in the hands of the city marshal of Shreveport for execution. It then came into court by petition and alleged that Fred Monsour was indebted unto G. J. Monsour; that G. J. Monsour is employed by Fred Monsour; and that the salary due him is more than sufficient to pay the judgment held by plaintiff. It prayed that Fred Monsour be made garnishee and ordered to answer interrogatories on facts and articles which were attached to said petition.

The interrogatories were answered by Fred Monsour, in which he declared that he held no property belonging to G. J. Monsour and owed him nothing for salary. He further answered by stating that G. J. Monsour helps him in his different places of business, but receives no compensation, demands none, and has never demanded

*Rehearing denied Dec. 31, 1935.

any'; it being understood between him and G. J. Monsour that he would devote part of his time helping his son, Fred Monsour, maintain the businesses in consideration of Fred Monsour paying all of the expenses connected with the living comfort and happiness of their family.

Plaintiff then came into court by petition and set up that the answers were vague and indefinite, and prayed that Fred Monsour, garnishee, be ordered and directed to show cause why he should not supplement his answer by setting forth the exact amount of compensation paid to G. J. Monsour, the manner in which it is paid, and the exact dates when payable.

The order was issued by the court. The garnishee, in answer to said petition, reiterated his former answers, and further stated that he paid G. J. Monsour $10 per week for his services.

Plaintiff then came into court by petition, alleging the answers were false and that G. J. Monsour received from Fred Monsour in excess of $200 per month. It prayed that the answers to the interrogatories be set aside, and for judgment against the garnishee for the full amount of its judgment against G. J. Monsour.

A rule was issued on the garnishee to show cause why the answers should not be set aside. On trial of this rule to traverse, the lower court rendered judgment for plaintiff, finding that G. J. Monsour is employed by Fred Monsour at a salary of $95 per month, and ordered Fred Monsour to pay to plaintiff 20 per cent. of the monthly compensation of $95, one-half on the first of each month, and one-half on the 15th of each month; the said 20 per cent. in no case to impinge on the basic exemption of $60 allowed by law; the payments to continue until the judgment held by plaintiff is fully discharged.

From this judgment the garnishee has perfected this appeal. Plaintiff has answered the appeal praying that the monthly compensation of G. J. Monsour, found by the court to be $95, be increased to the amount of $115.

Fred Monsour, garnishee, owns and operates three different places of business in Shreveport, La.; a dry goods store and two saloons, the saloons being known as "Monsour No. 1" and "Monsour No. 2." G. J. Monsour spends most of his time in operating the No. 2 saloon. Fred also has a brother and sister who work in the different places. It is evident there is no agreed salary paid to any one of them. Each takes in cash and goods whatever he' or she needs, and there is no record kept of it. This arrangement seems to have been thoroughly understood by Fred Monsour, and was satisfactory to him. They all live in the home owned by G. J. Monsour. The evidence makes it clear that G. J. Monsour draws out of the business owned by Fred Monsour, in cash and merchandise, each month at least $50, and it is also clear that he takes from the business an additional $65 each month to pay the building and loan association payment on his home. Whether he draws any more money is not certain, but it is certain that, in compensation for his services to his son, Fred, he actually receives $115 per month.

The judgment of the lower court is correct in casting the garnishee, but the amount allowed plaintiff is not in keeping with the evidence. The judgment will therefore have to be amended, as prayed for by plaintiff in answer to the appeal.

It is therefore ordered and decreed that the judgment of the lower court be amended by increasing the amount upon which the 20 per cent. per month shall be based, from $95 to $115, and, as so amended, the judgment is affirmed; cost of appeal to be paid by appellant.